```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
IRAKLI SIMSIVE,                                                        :
                                                                       :
                              Petitioner,                              :
                                                                       :
              -v-                                                      :   25 Civ. 6817 (JPC)
                                                                       :
BRYAN FLANAGAN, et al.,                                                :              ORDER
                                                                       :
                              Respondents.                             :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

*Pro se* Petitioner Irakli Simsive filed a petition for a *writ of habeas corpus* on August 17, 2025. Dkt. 1. On August 22, 2025, this Court ordered the Government to file a response to the petition within twenty-one days, and for Petitioner to file any reply within fourteen days from the date he is served with the response. Dkt. 5. On September 12, 2025, the Government filed a motion to transfer this case to the United States District Court for the Eastern District of New York, or, alternatively, to dismiss this case without prejudice to refiling in that court. Dkt. 8. The Government further requested that, should this Court transfer the case, it "waive the seven-day waiting period contained in Local Civil Rule 83.1" in order "to minimize any delay in having the case heard in the proper forum." Dkt. 9 at 5 n.1.

On September 12, 2025, this Court ordered Petitioner to "state whether he consents to this Court transferring the case to the Eastern District of New York" within "seven days of being served with th[at] Order." Dkt. 12 at 1. That Order did "not foreclose Petitioner from filing his reply within fourteen days from the date he is served with the Government's motion and responsive papers." *Id.* On October 2, 2025, after Petitioner had filed neither a submission with his position as to consent to transfer nor a reply, the Court ordered Petitioner to file both his position on consent

to transfer and a reply within one week. Dkt. 14.

Also on October 2, 2025, the Government filed a letter explaining that "on September 25, 2025, an immigration judge granted the petitioner relief from removal, and [U.S. Immigration and Customs Enforcement ('ICE')] waived appeal, rendering the grant of relief final," and attached a copy of an "Order to Release Alien" for Petitioner. Dkt. 15 at 1; Dkt. 15, Exh. 1. "As a result, ICE released the petitioner from detention on the same date." Dkt. 15 at 1.

In light of Petitioner's release, the Government urged this Court to "deny the petition as moot rather than transfer it to the proper venue" in order to "conserve[e] judicial resources." *Id.* The Court agrees. *See, e.g.*, *German v. Green*, No. 15 Civ. 4691 (WHP), 2015 WL 7184992, at *1-2 (S.D.N.Y. Oct. 30, 2015) (denying an immigrant detainee's release petition as moot rather than transferring the case to the District of New Jersey because transfer "would serve no purpose"); *Leybinsky v. ICE*, 553 F. App'x 108, 109-10 (2d Cir. 2014) (summary order) (agreeing that one's "petition is moot" after "release from ICE custody"). So the Court denies Petitioner's *habeas corpus* petition without prejudice as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to close the case and to mail a copy of this Order to Petitioner at his address of record—P.O. Box 3664, Westlake Village, California 91359—along with his address at 1151 Brighton Beach Avenue, Apartment 4P, Brooklyn, New York 11235.

SO ORDERED.

Dated: October 6, 2025
      New York, New York

                                   JOHN P. CRONAN
                                   United States District Judge